IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Vivian L. Bransteter, et al. | Case No. 3:09 CV 2 |
| Plaintiffs | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| George W. Moore, et al., | |
| Defendants. | |

The Court held a Hearing on pending pretrial motions on January 12, 2009.

Counsel present: Michael Leizerman and Ronald Leonhardt for Plaintiffs; Kenneth Abbarno for Defendants.

This Order confirms and supplements rulings made at the Hearing. This is a refiled case, formerly Case No. 3:06 CV 1766. Upon consent of the parties and approval by the Court, any motions pending in Case No. 3:06 CV 1766 will now be considered pending in Case No. 3:09 CV 2. This avoids the need to refile pleadings or retake discovery. The Record in Case No. 3:09 CV 2, therefore, will include all filings in Case No. 3:06 CV 1766.

**Plaintiffs' Motion in Limine to exclude medical malpractice claims** (Doc. No. 107) - Plaintiffs move in limine to preclude Defendants from arguing at trial that Plaintiffs' injuries are the result of medical malpractice by Van Wert Hospital or Dr. Klopfenstein. Defendants do not oppose this Motion. The Motion is granted.

**Plaintiffs' Motion in Limine to exclude medical expense write-offs** (Doc. Nos. 119 & 121) - Plaintiffs move to prevent Defendants from offering evidence at trial of the dollar amount actually accepted by Plaintiffs' medical providers as the cost of Plaintiffs' medical treatment, instead of the amount billed to Plaintiffs by those providers. Plaintiffs claim this information is inadmissible pursuant to R.C. § 2315.20.

The arguments Plaintiffs make here are identical to the arguments Plaintiffs' counsel also made in the case of *Schlegel v. Li Chen Song*, 547 F. Supp. 2d 792 (N.D. Ohio 2008). The Court adopts Judge Katz's discussion of the Ohio collateral source rule and the probative value of evidence of write-offs. *Id.* at 799-800. Frankly, the Court is puzzled how Plaintiffs could fail to bring *Schlegel* to this Court's attention, especially given the fact that Plaintiffs' counsel was counsel of record in that case and filed a nearly identical motion. In any event, Plaintiffs fail to distinguish *Schlegel* from this case.

The *Schlegel* decision was recently followed by *Salvatore v. Findley*, No. 07AP-793, 2008 WL 2588547 (Ohio App. 10th Dist. June 30, 2008). As recognized by *Salvatore*, the Ohio Supreme Court in *Robinson v. Bates*, 112 Ohio St. 3d 17, 23 (2006) held:

> Both the original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care. The jury may decide that the reasonable value of medical care is the amount originally billed, the amount the medical provider accepted as payment, or some amount in between . . . [Both] the original bill and the amount accepted are evidence relevant to the reasonable value of medical expenses.

Plaintiffs' Motion to exclude evidence of write-offs is denied. Counsel may, of course, choose to agree and stipulate to the medical expenses to be submitted to the jury.

**Defendants' Motion to limit medical bills** (Doc. No. 111) - Defendants move to exclude medical bills where the underlying medical condition has not been shown to be related to the accident

2

in this case. Plaintiffs oppose the Motion (Doc. No. 116), indicating that Plaintiff Trisha (Bransteter) Knapke is withdrawing her claim of infertility and that those related medical bills will not be introduced, but noting that Defendants have not identified any other medical claims or bills they are seeking to exclude. The Court finds Plaintiffs' argument well taken. Until trial testimony is presented, this Motion is premature. Assuming Plaintiffs offer competent medical testimony to substantiate that certain medical expenses are related to the accident, then that issue becomes one for a jury, and those medical bills would be admissible.

The Motion to limit medical bills is denied.

**Defendants' Motion in Limine to limit Plaintiff Trisha Knapke's damage claims** (Doc. Nos. 109 & 110). Defendants seek to preclude any testimony or argument that Plaintiff Trisha Knapke suffers discomfort or pain during sexual intercourse because Dr. Wagner could not so testify to a reasonable degree of medical certainty. Plaintiffs oppose (Doc. No. 117), arguing that Dr. Wagner did indeed testify that Trisha Knapke's painful sexual intercourse was the result of injuries sustained in this auto accident. After reviewing the medical reports and testimony, the Court finds there is conflicting evidence and testimony on this issue. Therefore, the issue is properly one for the jury. Defendants' Motion is denied.

**Defendants' Motions for Leave to Supplement** (Doc. No. 122 & Doc. No. 3) are granted. The supplement sets forth additional deposition testimony to support a limitation of Plaintiffs' non-economic damages pursuant to R.C. § 2315.18. Defendants attach to these Motions the deposition transcripts of Plaintiffs' medical experts, Drs. Taylor and Wagner, as well as Defendants' medical expert, Dr. Steiman. The description of injuries suffered by Plaintiffs is not disputed. Rather, it is

the legal conclusion of whether these injuries meet the threshold definition of "substantial physical deformity" under R.C. § 2315.18.

Plaintiff Vivian Bransteter does not oppose Defendants' Motion and, indeed, counsel indicated at the Hearing that she would not be seeking non-economic damages in excess of $250,000. In any event, her injuries do not, as a matter of law, meet the definition of a substantial physical deformity.

With respect to Plaintiff Trisha Knapke, she sustained a perforated bowel with several surgeries resulting in a scar. The question, therefore, is whether this scar is a "permanent and substantial physical deformity." R.C. § 2315.18(B)(3). There is no legislative history or Ohio case law to assist in answering that question. Both parties provided the Court with supplemental briefing on the definition of "permanent and substantial physical deformity" (Doc. Nos. 7, 9, 10, 11). Plaintiffs point out that "a scar is a disfigurement," but not every scar would qualify as a substantial physical deformity.

Defendants argue that scarring cannot fall within the definition of "substantial physical deformity" because it is not specifically mentioned in the statute and because the two categories are mutually exclusive. The Court disagrees; scarring **may** be so severe as to qualify as a serious disfigurement.

Plaintiffs rely on the case of *Wilson v. United States*, 375 F. Supp. 2d 467, 471 (E.D. Va. 2005), where the court, interpreting a similar West Virginia statute, and a party who had several surgeries and scarring, held that the "issue remains for resolution at trial." *Id.* at 472. This Court will follow the same line of reasoning. The Court denies Defendants' Motion with respect to Plaintiff Trisha Knapke and will resolve the issue following trial testimony. Defendants may move for a directed verdict; Plaintiff Trisha Knapke may request a jury interrogatory.

**Defendants' Motion in Limine as to spoliation of evidence** (Doc. No. 108) - Defendants argue that because they have stipulated to negligence, any claim for spoliation must fail. Plaintiffs disagree (Doc. No. 127).

A tort cause of action exists for spoliation of evidence if the following elements are shown: (1) pending or probable litigation involving plaintiff; (2) knowledge on the part of defendant that litigation exists or is probable; (3) willful destruction of evidence by defendant designed to disrupt plaintiff's case; (4) disruption of plaintiff's case; and (5) damages proximately caused by defendant's acts. *Smith v. Howard Johnson*, 67 Ohio St. 3d 28, 29 (1993). This cause of action requires a showing of "willful destruction" of evidence.

At issue in this case are the missing daily driving log books for the week prior to this accident. Defendants argue that Plaintiffs cannot establish a prima facie case of spoliation because there is no evidence of willful destruction of the log books. The parties agree the log books are missing, but Defendant Moore claims he turned over "all my paperwork" to the state trooper. That was the last time Moore saw not only the logs, but the bills of lading. The log books never found their way back to his employer.

Defendants also point out that the relevance of the log books would be limited to whether the driver was compliant with service of hours regulations. Because Defendants have admitted negligence, these documents are simply not relevant. There is nothing in the Record (i.e., speed or erratic driving) to suggest that Moore's conduct rises beyond mere negligence, especially in light of the confusing signage near the intersection.

Plaintiffs' Opposition does not address the elements of a spoliation claim, but rather cites to other cases indicating that if a defendant was negligent with respect to lost or destroyed records, then the plaintiff would be entitled to an adverse jury instruction. Ohio does not recognize a spoliation

5

claim based on negligence.  *See Drawl v. Cornicelli*, 124 Ohio App. 3d 562, 567 (1997).  Both because Defendants have admitted negligence, and because the facts surrounding the missing records show at best negligent conduct, the Court finds Defendants' Motion well taken, and it is granted.

IT IS SO ORDERED.

                                                                                                  s/ *Jack Zouhary*
                                                                                JACK ZOUHARY
                                                                                U. S. DISTRICT JUDGE

                                                                                January 21, 2009